DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

·DURING THE YEAR 1915

---

L. Goldstein, Defendant in Error, v. Louis Basch & Company, Plaintiff in Error.

Gen. No. 20,443. . (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by L. Goldstein, plaintiff, against Louis Basch & Company, a corporation, defendant, in the Municipal Court of Chicago, to recover on a contract whereby plaintiff purchased certain earrings for two hundred dollars, paying one hundred dollars in cash and delivering certain other earrings valued at one hundred dollars. To reverse a judgment for plaintiff for one hundred and eighty dollars, defendant prosecutes this writ of error.

DONALD GROVER, for plaintiff in error.

HOMER K. GALPIN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

(1)

Casey v. Ladies Catholic Benev. Ass'n, 195 Ill. App. 2.

## Abstract of the Decision.

1. CONTRACTS, § 384*—*when evidence sufficient to show agreement for rescission.* In an action on a contract whereby plaintiff purchased certain jewelry from defendant, on an alleged agreement whereby plaintiff might rescind within a year and receive back the purchase price less ten per cent., evidence *held* sufficient to sustain a judgment for plaintiff.

2. CONTRACTS, § 298*—*when tender of performance not necessary.* Where a party to a contract refuses to make performance thereof, formal tender of such performance by the other party is unnecessary.

3. MOTIONS, § 9*—*when order impounding property in suit sufficient.* In an action on a contract whereby plaintiff purchased of defendant certain earrings, giving in payment certain other earrings, with a condition that plaintiff might rescind and receive back the purchase price under certain conditions, and where the court had ordered the earrings impounded, *held* that failure of the court to provide in such order that such earrings be delivered to defendant on satisfaction of the judgment for plaintiff was not erroneous, for the reason that such an order was not essential to the court's power to release the goods in its custody on affirmance of its judgment.